UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

CASE NO. 25-20680

JIMMY D. SHEPHERD
LAUREN L. SHEPHERD                                     CHAPTER 11 – Sub V

DEBTORS

JIMMY D. SHEPHERD                                              PLAINTIFF

V.                                                        ADV. NO. 26-2002

JP MORGAN CHASE BANK, N.A.                                      DEFENDANT

MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT

On April 13, 2026, Debtor/Plaintiff Jimmy D. Shepherd filed a Motion for Summary

Judgment. [ECF No. 13.] The Court set the Motion for a hearing on May 12, 2026, and directed

Defendant/Creditor JP Morgan Chase Bank, N.A. to file a Response by April 28, 2026. [ECF

No. 15.] An Agreed Order extended that deadline to May 1, 2026. [ECF No. 18.] Defendant did

not file a timely Response. No oral argument is needed. The Motion is ripe and will be granted.

I.      FACTUAL AND PROCEDURAL BACKGROUND.

The record and Plaintiff's exhibits (including a Declaration offered under penalty of

perjury [ECF No. 13-2]) establish the following undisputed facts. Plaintiff owns a residence at

2340 Frontier Drive, Hebron, Kentucky (the "Real Property"). [ECF No. 13-2 at ¶ 3.] Wells

Fargo Bank holds a first-priority mortgage against the Real Property, securing a claim of

$170,643.40. [*Id.* at ¶ 4.] On June 4, 2025, Defendant obtained an in-personam judgment against

Plaintiff in Fayette (KY) Circuit Court. [*Id.* at ¶ 5.] On June 26, 2025, Defendant recorded a

judgment lien on the Real Property. [ECF No. 13-2 at ¶ 6; *see also* ECF No. 13-1.] Plaintiff and

co-Debtor Lauren Shepherd then filed a chapter 11 petition on August 4, 2025—39 days after

JPMC recorded its lien. [ECF No. 13-2 at ¶ 7.]

Debtors filed an amended chapter 11 plan on January 6, 2026. [*Id.* at ¶ 11; *see also* Case

No. 25-20680, ECF No. 58 (the "Plan").[1]] It values the Real Property at $400,000. [*Id.* at ¶ 12;

*see also* Plan at ¶ 5.03; Case No. 25-20680, ECF No. 79 (Am. Sched. A/B) at 1.] It states

Defendant's secured claim is worth $197,781.54 when the first lien on the Real Property and

Debtors' exemptions are considered. [Plan at § 5.03.] It also states Debtors dispute that

Defendant has a secured claim and that, if its lien is avoided, its claim would be treated as a

general unsecured claim. [*Id.*; *see also* ECF No. 13-2 at ¶ 14.]

Plaintiff filed the Complaint initiating this proceeding on February 3, 2026, to avoid

Defendant's judgment lien under § 547(b)[2] and to preserve any avoided transfer for the benefit

of the estate under § 551. [ECF No. 1.] The Motion seeks a summary judgment awarding that

relief.

## II.      JURISDICTION.

The Court has jurisdiction over this adversary proceeding. 28 U.S.C. § 1334(a). Venue is

proper in this District. 28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(E),(F)

& (H). The parties have consented to the Court's entry of final orders or a judgment.

## III.     ANALYSIS.

"[T]he Court is not precluded from deciding even a dispositive motion without

considering input from a party who was afforded an opportunity, but failed, to timely apprise the

Court of its arguments." *Popovich v. Turner (In re Turner)*, No. 24-20224, 2025 WL 2551618, at

---

[1] The Court may take judicial notice of records in its own docket. *See* FED. R. EVID. 201, *made applicable by* FED.
R. BANKR. P. 9017.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

*2 (Bankr. E.D. Ky. Sept. 4, 2025) (citation modified). Although Defendant failed to file a timely Response to the Motion, the Court must still determine whether Plaintiff has shown he is entitled to a summary judgment. *Id.* The applicable legal standard is as follows:

> A summary judgment is appropriate if the pleadings, discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. BANKR. P. 7056(c)(2). A summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577 (6th Cir. 2007).
>
> > The moving party has the initial burden of proving that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). To meet this burden, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. *Id*. at 1478. Essentially, a motion for summary judgment is a means by which to "challenge the opposing party to 'put up or shut up' on a critical issue." *Id*.
>
> *Cox v. Ky. DOT*, 53 F.3d 146, 149 (6th Cir. 1995).

*Calloway Cleaning & Restoration, Inc. v. McFarland (In re McFarland)*, Adv. No. 17-2004, 2018 Bankr. LEXIS 451, at *8 (Bankr. E.D. Ky. Feb. 20, 2018).

Plaintiff seeks to avoid Defendant's judgment lien on the Real Property as a preferential transfer under § 547(b). [Motion at 3.] That Code provision states:

> Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property--
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
>     (A) on or within 90 days before the date of the filing of the petition. . .
> (5) that enables such creditor to receive more than such creditor would receive if--
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

3

11 U.S.C. § 547(b).  "All five elements are prerequisites to the finding of a voidable preference."

*Sweet v. Frankenmuth Credit Union (In re Shafer)*, 663 B.R. 856, 862 (Bankr. E.D. Mich. 2024)

(citation modified).

The record contains evidence to satisfy each element of Plaintiff's claim. The Notice of

Judgment Lien on Real Estate identifies Defendant as the "Judgment Creditor" which shows that

the transfer—the creation of a lien (§ 101(54)(A))—was made for its benefit. [ECF No. 13-1.]

The transfer was made on account of an antecedent debt as the judgment was entered on June 4,

2025, and the transfer occurred on June 26, 2025. [*See id.*] The lien was perfected when filed

with the County Clerk on June 26, 2025, within 90 days of the petition date. KY. REV. STAT.

§ 426.720(1). Defendant offered no evidence to overcome the rebuttable presumption under

§ 547(f) that Plaintiff was insolvent during the 90-days preceding the petition date. Finally, if the

lien is not avoided, Defendant would receive about $197,781.54 from the sale of the Real

Property, which is more than it would receive in a chapter 7 liquidation if the lien were avoided.

[ECF No. 13-2 at ¶¶ 13-16.] As evidence exists to meet each element, and Defendant presents no

contrary evidence or argument, Plaintiff is entitled to the relief he seeks.

## IV.    CONCLUSION.

For the foregoing reasons, IT IS ORDERED:

1.  Plaintiff's Motion for Summary Judgment [ECF No. 13] is GRANTED.

2.  Defendant's judgment lien encumbering the Real Property is hereby avoided as a
    preferential transfer pursuant to § 547(b).

3.  The avoided lien shall be preserved for the benefit of the estate pursuant to § 551.

4.  The pending deadlines and trial set for this matter are hereby VACATED.

5.  The Court will enter a separate judgment in conformity herewith.

4

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Douglas L Lutz*
**Bankruptcy Judge**
**Dated: Tuesday, May 5, 2026**
**(dll)**